# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **18-cr-10001-WGY** |
| | ) | |
| **KEVIN SMITH** | ) | |
| | ) | |

## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

In 2018, the Defendant, Kevin Smith, pled guilty to distributing small quantities of cocaine base (approximately 5 grams in total) on several occasions in 2016.  He was sentenced to 18 months imprisonment and 6 years of supervised release.[1]  Mr. Smith now moves for early termination of supervised release because it is "warranted by the conduct of the defendant released and in the interest of justice."  18 U.S.C. § 3583(e)(1).  The Sentencing Commission encourages courts to exercise this power "in appropriate cases." USSG § 5D1.2, cmt. n. 5.  At the time of this filing, Mr. Smith has been under supervision for over three and a half years.  Undersigned counsel has been advised by Mr. Smith's supervising probation officer, Kara Lightowler, that he has been in full compliance with all conditions of supervision.

During the course of his supervision, Mr. Smith has successfully transitioned from a halfway house to the community, completed a period of electronic monitoring, abided by all geographic and associational restrictions, and had no law enforcement contacts whatsoever.  Additionally, U.S. Probation Officer Lightowler has reported that Mr. Smith has maintained

---

[1] Mr. Smith's offenses of conviction, conspiracy to distribute cocaine base and distribution of cocaine base, typically carry a minimum 3 year period of supervision.  21 U.S.C. § 841(b)(1)(C).  However, because the offense occurred in a public housing, the Court was required to impose a period of supervision of not less than 6 years.   21 U.S.C. § 860.

1

employment and undertaken GED programming.  Although U.S. Probation Officer Lightowler

confirms that Mr. Smith has been fully compliant with all terms of supervision, he does not at

this time meet the probation office's internal criteria for early termination due to prior criminal

history.[2]  Counsel for the government adopts the probation office's position.  Nevertheless,

Smith contends that early termination is warranted in view of the demonstrated progress he has

made since being released.[3]

> Respectfully submitted,
> KEVIN SMITH
> by her attorney
> */s/ Scott Lauer*
> Scott Lauer
> FEDERAL PUBLIC DEFENDER OFFICE
> 51 Sleeper Street, 5th Floor
> Boston, MA 02210
> 617-223-8061

## Certificate of Service

I, Scott Lauer, hereby certify that this document was this day filed through the ECF system and will be sent via email to U.S. Probation Officer Kara Lightowler.

Date: November 29, 2022                     */s/ Scott Lauer*
                                            Scott Lauer

---

[2] It should be noted that Mr. Smith's only prior convictions are for a 2013 charge of resisting arrest (which was continued without a finding (CWOF) and ultimately dismissed in 2014) and a 2008 firearm conviction occurring when he was 17 years of age.

[3] At least one similarly situated defendant in a related case has received early termination.  *See United States v. Simmons,* 18-cr-10007-PBS, ECF #63 (defendant arrested and charged in the same investigation as Mr. Smith, who was also sentenced to 6 years of supervised release, granted early termination in July 2021).